UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

THEODORE DAVID CATER                                                                    PLAINTIFF

vs.                                          Civil No. 2:20-cv-02100

ANDREW SAUL                                                                              DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Theodore David Cater ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

1.      **Background:**

Plaintiff protectively filed his disability applications on November 17, 2017. (Tr. 11).[1] In these applications, Plaintiff alleges being disabled due to a heart-implanted defibrillator, heart attack, a blood disease, depression, anxiety, coronary artery sclerosis, blood clots in his lungs, and pulmonary embolism. (Tr. 306). Plaintiff alleges an onset date of April 15, 2016. (Tr. 11). These

---

[1] References to the Transcript will be (Tr.___) and refer to the document filed at ECF No. 11. These references are to the page number of the transcript itself, not the ECF page number.

applications were denied initially and again upon reconsideration. *Id.* Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 35-91).

Plaintiff's administrative hearing was held on August 19, 2019 in Fort Smith, Arkansas. (Tr. 35-91). At this hearing, Plaintiff was present and was represented by Will Murray. *Id.* Plaintiff and Vocational Expert ("VE") Jim Spragins testified at this hearing. *Id.*

On February 25, 2020, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 8-26). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2021. (Tr. 14, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 15, 2016, his alleged onset date. (Tr. 14, Finding 2). The ALJ found Plaintiff had the following severe impairments: coronary artery disease status post-myocardial infarction and stenting, non-ischemic cardiomyopathy status post-implantation of single chamber defibrillator, congestive heart failure, thoracolumbar kyphosis, Heterozygous Factor V Leiden mutation, insomnia, restless leg syndrome, and a history of acute bilateral extensive pulmonary embolism with acute left lower extremity deep vein thrombosis and history of seizures. (Tr. 14-15, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 15-24, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can occasionally climb ramps and stairs; can never climb ladders, ropes or scaffolds; can occasionally

> balance, stoop, kneel, crouch and crawl; must avoid concentrated exposure to temperature extremes, humidity and hazards including no driving as part of work; and is unable to perform work which involves welding or being around car batteries or any type of electrical field that could interfere with his defibrillator.

*Id.*

The ALJ determined Plaintiff was thirty-eight (38) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) and 20 C.F.R. § 416.963(c). (Tr. 24, Finding 7). As for his education, the ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 25, Finding 8).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of his PRW. (Tr. 24, Finding 6). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, considering his age, education, work experience, and RFC. (Tr. 25-26, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Considering this testimony, the ALJ determined Plaintiff retained the capacity to perform representative occupations such as the following (sedentary, unskilled): (1) document preparer with approximately 30,500 such jobs in the national economy; (2) copy examiner with approximately 8,500 such jobs in the national economy; and (3) printed circuit board inspector with approximately 18,600 such jobs in the national economy. (Tr. 25). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from April 15, 2016 through the date of his decision or through February 25, 2020. (Tr. 26, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. On May 14, 2020, the Appeals Council denied this request for review. (Tr. 1-5). On June 24, 2020,

Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 13-14. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff

must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In his appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ erred by failing to include his medically necessary assistive device for ambulation and balance into his RFC assessment; and (B) the ALJ erred by finding he had no severe mental impairments.  ECF No. 13 at 1-7.  The Court will address both of these arguments for reversal.

**A. Medically Necessary Assistive Device**

Plaintiff claims that he requires the use of a hand-held assistive device for ambulation and balance.  ECF No. 13 at 2-3.  Plaintiff claims the ALJ did not include this limitation in his RFC

assessment, and this is reversible error. *Id.* In response, the SSA claims the failure to include this limitation was not reversible error. ECF No. 14 at 5-6.

Upon review, the Court finds no basis for reversal on this issue. Even though the ALJ did not directly identify that Plaintiff needed an assistive to ambulate and balance in his RFC determination, his RFC finding incorporated postural limitations such as can occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffolds; and can occasionally balance, stoop, kneel, crouch, and crawl. (Tr. 15-24, Finding 5). Furthermore, although Plaintiff's physician prescribed him a cane, numerous treating providers noted on examination that Plaintiff was able to ambulate normally without an assistive device and had full strength and sensation in his bilateral lower extremities. *See, e.g.,* Tr. 15, 443, 448, 458, 466, 471, 475. Thus, despite the prescription for a cane, the Court finds the ALJ's failure to require the use of a case in his RFC determination was not reversible error.

### B. Severe Mental Impairments

Plaintiff claims the ALJ erred by finding he suffered from no severe mental impairments. ECF No. 13 at 3-7. Specifically, Plaintiff claims he has been treated "extensively for depression and anxiety throughout the entire record," and his mental impairments should be characterized as severe. *Id.* In response, the SSA claims the ALJ properly determined Plaintiff's mental impairments were not severe. ECF No. 14 at 7-8. As such, the SSA claims there is no basis for reversal on this issue. *Id.*

Upon review, the Court finds there is no basis for reversal on this issue. Both Parties agree Plaintiff was diagnosed with depression and anxiety. Regardless of these diagnoses, the record demonstrates that his mental status examinations were routinely normal with no restrictions assessed by his treating providers. *See, e.g.,* Tr. 458, 466, 471, 475, 555, 559, 563. The burden of

proving disability ultimately lies with Plaintiff. Because Plaintiff failed to show that he experienced any disabling work-limitations during the relevant time-period due to his mental impairments, the ALJ was not required to find any additional impairments to be severe.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends it be **AFFIRMED**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.      See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

    ENTERED this 27th day of January 2021.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE